**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Nelson Arceny CARALES–VILLALTA,**
**Defendant–Appellant.**

No. 08–40349.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 2009.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, David Lopez, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Nelson Carales–Villalta pleaded guilty of illegal reentry following removal. He argues that the district court erred in enhancing his sentence under U.S.S.G. § 2L1.2(b)(1)(C) based on the determination that a prior Texas conviction for delivery of a controlled substance is an aggravated felony. The government concedes that the sentence enhancement is erroneous and that the error is not harmless. We agree. *See United States v. Morales–*

---

*Martinez,* 496 F.3d 356, 360–61 (5th Cir.), *cert. denied,* — U.S. —, 128 S.Ct. 410, 169 L.Ed.2d 287 (2007); *United States v. Fuentes,* 245 Fed.Appx. 358 (5th Cir.) (per curiam), *cert. denied,* — U.S. —, 128 S.Ct. 410, 169 L.Ed.2d 287 (2007). We find no error in the district court's use of the term "Re-entry of a Deported Alien" in the written judgment of conviction. *See United States v. Buendia–Rangel,* 553 F.3d 378, 380 (5th Cir.2008) (per curiam) (unpublished).

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.